**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RALPH BUNTON                                                                                        PLAINTIFF

v.                                                    4:13CV00610-JLH-JTK

JOHN RANDALL, et al.                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-

1

testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.    Introduction

Plaintiff Ralph Bunton is an inmate incarcerated at the Faulkner County Detention Center (Jail).  He filed this pro se action pursuant to 42 U.S.C. § 1983, seeking damages for false arrest and false imprisonment against several Defendants (Doc. No. 5)[1]

This matter is before the Court on Defendant Wooley's Motion for Summary Judgment (Doc. No. 14), to which Plaintiff responded (Doc. No. 18).  Both parties also filed supplemental briefs in response to the Court's December 19, 2014 Order (Doc. Nos. 24, 25).

According to his Amended Complaint, Plaintiff was stopped by Illinois State Police on June 9, 2013, while traveling to visit his brother in Massachusetts.  (Doc. No. 5) The officer who stopped him released him after contacting the Faulkner County Sheriff and learning that there were no warrants pending against him.  (Id.)  Defendant Wooley then contacted the Illinois State Police and requested that Plaintiff be arrested for failure to register as a sex offender.  (Id.)  Plaintiff states Wooley either knew that the registration regulation permits registration three days after establishing a new residence, or did not know and mis-read the law.  (Id.)  As a result, Plaintiff was incarcerated

---

[1]Defendants Randall, Vincent, Finkelburg, and Shock were dismissed on December 19, 2013 (Doc. No. 10).

for 113 days before the charge was dismissed.  (Id.)

## II.     Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.     Individual Capacity Liability

Defendant asks the Court to dismiss Plaintiff's claims against her in her individual capacity, based on qualified immunity, which protects officials who act in an objectively reasonable manner.  It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005).  Thus, issues concerning qualified immunity are appropriately resolved on summary

3

judgment.  See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Defendant Wooley is an investigator with the Faulkner County Sheriff's Office.  (Doc. No. 16-1)  On June 9, 2013 (a Sunday), she received an email from a Faulkner County dispatcher, advising her that Illinois State Trooper John Pappas made contact with Plaintiff, a registered sex offender from Conway, Arkansas.  (Id.)  Wooley then determined that Plaintiff did not comply with Arkansas law which requires him to notify the Faulkner County Sheriff's Department of a change in his address, prior to moving to a different state.  (Id.)  She spoke with Trooper Pappas, who provided her with the incident report he completed after encountering Plaintiff on the side of Interstate 57 in Marion County, Illinois.  (Doc. No. 16-2, p. 2.)

According to that report, Plaintiff told Pappas he had been living in Conway, Arkansas, with his daughter and ex-wife, but was asked to leave.  (Id.)  He was dropped off in Illinois by a motorist

_____

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

and was trying to find a ride to Chicago, and then eventually, to Massachusetts. (<u>Id.</u>) Trooper Pappas ran Plaintiff's information through his in-car computer and learned that Plaintiff was a registered sex offender with an address in Conway, Arkansas; yet his driver's license showed an address in Goodland, Indiana. (<u>Id.</u>) Plaintiff also told Pappas that he had contacted the Sheriff's Department prior to leaving Arkansas. (<u>Id.</u>) Trooper Pappas then relayed this information to the Faulkner County dispatcher, and issued Plaintiff a citation for disobeying controlled access highway restrictions. (<u>Id.</u>, p. 3.)

About thirty minutes later, Defendant Wooley contacted Pappas, and told him she was planning to obtain a warrant for Plaintiff's arrest the next day (Monday) for the sexual assault of a child. (<u>Id.</u>) She also told him Plaintiff had not notified authorities he was leaving Arkansas, which was a felony under Arkansas law. (<u>Id.</u>) Pappas contacted the Marion County State's Attorney and was told he could detain Plaintiff up to 48 hours on probable cause with documentation from Wooley, to be followed by an arrest warrant within the 48 hours. (<u>Id.</u>) Pappas then contacted Wooley and told her he would attempt to find Plaintiff and detain him until she could obtain an arrest warrant. (<u>Id.</u>) Pappas located Bunton, detained him, and contacted Wooley, who provided the Marion County Sheriff's Department with a warrant for Plaintiff's arrest the following day. (<u>Id.</u>) After Plaintiff was arrested, he signed a waiver of extradition, and was transported back to the Faulkner County Detention Center. (Doc. No. 16-5)

Wooley explained in her affidavits that she believed she had probable cause for Plaintiff's arrest for violating ARK. CODE ANN. § 12-12-904, in conjunction with the change of address reporting requirements for sex offenders found in ARK. CODE ANN. § 12-12-909(c)(1). (Doc. No. 16-2, p. 1; Doc. No. 24-1, p. 1) She was notified by the Arkansas Department of Human Services (DHS) on June 5, 2013, that DHS was implementing a protection plan in Plaintiff's home, based on

5

a pending violation against a child living in the home.  (Doc. No. 24-1, p. 1) Plaintiff was asked to leave the residence, and since his family members remained in the home, Wooley did not consider Plaintiff's situation as an eviction, which is considered an affirmative defense to the offense of failing to register, in ARK. CODE ANN. 12-12-904(a)(1)(A)(ii). (Id.)

After learning of the protection plan, Wooley began to monitor Plaintiff's situation and when she learned that he left the residence on June 5, 2013, she planned to wait until the following Monday (June 10, 2013), to locate Plaintiff.  (Id., p. 2) When she was contacted on June 8, 2013, about the inquiry from the Illinois trooper, she investigated if Plaintiff violated the requirement of registering his change in address as set forth in ARK. CODE ANN. § 12-12-904.  (Id.)  Based on the information she knew and her investigation, she believed she had probable cause for Plaintiff's arrest for violating that statute, and contacted the deputy prosecuting attorney about the case, who signed off on the probable cause warrant which was then approved by a Faulkner County Circuit Judge. (Id., p. 3; Doc. Nos. 16-2, 16-3, 16-4)

Wooley maintains that Plaintiff knew about the requirements to verify and update his address, because he signed a verification form on May 13, 2013.  (Doc. No. 24-1, p. 2; Doc. No. 24-2) That form also set forth the requirement of ARK. CODE ANN. 12-12-909(c)(1), that a sex offender notify and register a new address with the center ten days before establishing residence or being temporarily domiciled in the State. (Id., pp. 2-3; Doc. No. 24-2, pp. 3-4) Based on all this information, together with her knowledge of Plaintiff's history of moving between states, Wooley believed Plaintiff was circumventing his reporting requirement.  (Id., p. 3)

The Fourth Amendment provides citizens with the right to be free from arrest without probable cause.  Habiger v. Fargo, 80 F.3d 289, 295 (8th Cir. 1996).  However, to prevail on a claim for false arrest, Plaintiff must show that Wooley had no probable cause to arrest him, and he must

raise a genuine issue of material fact about whether reasonable officers in Wooley's position would have known her conduct violated the Fourth Amendment. <u>Smithson v. Aldrich</u>, 235 F.3d 1058, 1061 (8th Cir. 2000).  "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, ... will the shield of immunity be lost." <u>Malley v. Briggs</u>, 475 U.S. 335, 344-45 (1986).

In this case, Plaintiff states that as head of the sex offender registration office, Wooley knew that he was displaced and that he had three days from the time he found a new place to live to register.  (Doc. No. 18.)  In addition, she knew he had registered for fourteen years in the past and always notified the office of his address.  (<u>Id</u>.)  He claims DHS displaced him, which was equivalent to an eviction, within the meaning of the statutory exceptions. (Doc. No. 25)  However, he does not affirmatively deny that he did not contact the office prior to leaving Arkansas, and does not dispute that ARK. CODE ANN. § 12-12-904 requires a sex offender to register and notify authorities of his change in address.  This registration requirement has been found to be mandatory, and failure to comply with it is considered a strict liability offense. <u>Adkins v. State</u>, 371 Ark. 159, 165, 264 S.W. 3d 523, 527 (2007).  Even if Plaintiff is correct that he was not required to register until three days after establishing a new residence, that does not mean Wooley lacked probable cause to obtain a warrant for his violation of the statute, for the following reasons.

"Probable cause exists if 'the totality of the facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed ... an offense.'" <u>Flynn v. Brown</u>, 395 F.3d 842, 844 (8th Cir. 2005) (quoting <u>Hannah v. City of Overland</u>, 795 F.2d 1385, 1389 (8th Cir. 1986)).  And, determining "if probable cause exists is not an exact science." <u>Brodnicki v. City of Omaha</u>, 75 F.3d 1261, 1265 (8th Cir. 1996).  "[T]he probability, and not a prima facie showing, of criminal activity is the standard of probable cause." <u>Hannah</u>, 795 F.2d at 1389

(quoting United States v. Wallraff, 705 F.2d 980, 990 (8th Cir. 1983) (other citations omitted)). "Therefore, law enforcement officers are entitled to qualified immunity if they arrest a suspect under the mistaken belief that they have probable cause to do so – provided that the mistake is objectively reasonable." Smithson v. Aldrich, 235 F.3d at 1062.

The fact that the charges filed against Plaintiff were eventually dismissed, or that Defendant Wooley may have had a mistaken belief that Plaintiff violated the law, does not mean that her actions violated Plaintiff's constitutional rights. In Baker v. McCollan, the United States Supreme Court stated, "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted - indeed, for every suspect released." 443 U.S. 137, 145 (1979).

The Court notes that the Arkansas statutory provisions at issue are contradictory and unclear,[3] and finds that given those inconsistencies, together with the information available to Wooley, a reasonable person would have been justified in believing that Plaintiff violated the statute for failing to notify the Arkansas authorities when he left the state. He left under suspicious circumstances, and had no means of transportation other than hitch-hiking. He told Trooper Pappas that he was heading for Chicago, and then eventually to Massachusetts. He was classified as a Level 3 sex offender in Arkansas, and the guidelines of the Arkansas Department of Correction provide that Level 3 offenders should maintain consistent, gainful employment, a stable residence, and comply with

---

[3]ARK. CODE ANN. § 12-12-904 states that a sex offender is guilty of a Class C felony if he fails to report a change of address, and that an eviction or unforeseen circumstance can constitute an exception. ARK. CODE ANN. § 12-12-906(c)(1)(A)(iii)(b) provides that a sex offender shall register his new address with the center and with a law enforcement agency in the new state not later than three business days after the sex offender establishes residence in the new state. ARK. CODE ANN. §12-12-909(c)(1) states that before a sex offender changes his address to another state, he should register the new address with the center and a law enforcement agency in the state to which he moves not later than ten days before he establishes residence in the new state.

resident verification requirements of the registration laws. (Doc. No. 24-1, p. 4) Given all these undisputed facts, Defendant Wooley was not unreasonable in executing an affidavit and applying for a warrant (approved by a prosecuting attorney and judge) for Plaintiff's arrest. Therefore, the Court finds as a matter of law that Defendant did not violate Plaintiff's constitutional rights.

### B. Official Capacity Liability

Plaintiff also sues Defendant Wooley in her official capacity, which is a suit against her County employer, Faulkner County. See Kentucky v. Graham, 473 U.S. 159, 165-6 (1985). In order to establish liability by the County, the law requires a showing of an unconstitutional policy or procedure, or a widespread pattern of unconstitutional conduct. Doe v. Washington County, 150 F.3d 920, 922 (8th Cir. 1998); Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). However, Plaintiff does not allege that Defendant acted pursuant to an unconstitutional policy, custom or practice attributable to the County. Therefore, the Court also finds as a matter of law that the official capacity claim should be dismissed.

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant Wooley's Motion for Summary Judgment (Doc. No. 14) be GRANTED, and Plaintiff's Complaint against her be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 23rd day of January, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE